IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRIE LYNN SMITH          *

                                                *          Civil Action No. CCB-21-3072

v.                          *

TAMMY SUE MARTZ             *

                                                *

                                     **************

## MEMORANDUM

The present case involves a lengthy and contentious dispute between two sisters over the division of their mother's estate. The plaintiff, Sherrie Lynn Smith, has brought a two-count complaint against defendant Tammy Sue Martz. (ECF 1, Compl.). Now pending before the court is Ms. Martz's motion to dismiss, or in the alternative, motion for summary judgment (ECF 9), and Smith's motion for leave to file a surreply (ECF 17). The motions have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the court will grant Ms. Martz's motion for summary judgment and deny Ms. Smith's motion for leave to file a surreply.

## BACKGROUND

This litigation arises from the division of the estate of Peggy Sue Keyser, who passed away on April 15, 2015. (ECF 1 ¶ 6).[1] Her daughter, Tammy Sue Martz, formerly known as Tammy Sue Keyser, opened a small estate for Peggy Sue Keyser on May 26, 2015, in her capacity as Personal Representative, as dictated in Ms. Keyser's July 10, 2012, will. (*Id.* ¶ 7; ECF 9-3, Martz Aff. ¶ 6). The will also provided that Ms. Keyser's assets were to be split 50/50 between Ms. Smith and Ms.

---

[1] The parties each provide substantial additional factual background and allegations. (*See generally* ECF 1; ECF 9). The court summarizes only those facts necessary to resolve the pending motions.

1

Keyser. (ECF 1 ¶ 6). The estate was closed as "unprobated" on the same day it was opened, and the total assets of the Estate were appraised at $2,420. (*Id.* ¶¶ 8-9). The eventual sale of the estate, the proceeds of which totaled $899.83, went toward funeral costs of Ms. Keyser, whereafter the estate was declared insolvent. (ECF 9-3 ¶¶ 19-20).

Ms. Smith believed her mother's estate to be worth substantially more than the $2,420 to which Ms. Martz attested its contents were appraised. (*Id.* ¶ 17) In an attempt to procure ownership of the additional assets to which she believed she was entitled under her mother's will, Ms. Smith filed a number of subsequent legal actions, each of which has resulted in an unfavorable judgment for Ms. Smith. These included a state court complaint filed on June 4, 2015, against Ms. Martz in the Circuit Court of Frederick County (Case No. 10-C-15-001632) (ECF 1 ¶ 10), an untimely petition in 2018 to reopen her mother's estate in the Orphan's Court of Frederick County (Case No. C-10-CV-18-000157) (*id.* ¶ 12), and a 2018 Orphan's Court petition to replace Ms. Martz with herself as Personal Representative of Ms. Keyser's estate (Case No. C-10-CV-19-000152) (ECF 9-3 at 8).[2]

Ms. Smith alleges that Ms. Martz committed various acts of fraud, each of which was designed to deprive Ms. Smith of the funds to which she was entitled under Ms. Keyser's will. These acts included failing to file Ms. Keyser's 2014 tax return and claiming deductions to which Ms. Smith believed she was entitled (*see* ECF 1 ¶¶ 25-49); impermissibly retaining a substantial portion of the total value of Ms. Keyser's estate while it was in her exclusive possession (*id.* ¶¶ 50-53); impermissibly dividing Ms. Keyser's pension fund (*id.* ¶¶ 54-62); impermissibly using bank accounts established to pay Ms. Keyser's credit card debt (*id.* ¶¶ 63-90); and acting unfairly and deceptively in the appraisal, sale, and insurance of Ms. Keyser's home (*id.* ¶¶ 91-206).

---

[2] Ms. Smith has filed additional litigation related to her mother's personal belongings and house that are not germane to the present litigation.

On December 2, 2021, Ms. Smith filed her present complaint alleging Ms. Martz breached her fiduciary duty and committed fraud. (*See* ECF 1 ¶¶ 207-17). Ms. Martz subsequently filed a motion to dismiss these claims (ECF 9), to which Ms. Smith responded (ECF 13, Opp'n) and the defendant has replied (ECF 16, Reply). Ms. Smith moved for leave to file a surreply (ECF 17), to which Ms. Martz has responded (ECF 20, Opp'n), and Ms. Smith has submitted an additional supporting affidavit and exhibits (ECF 21), to which Ms. Martz responded (ECF 23). The court now considers the two motions.

## DISCUSSION

I. **Motion for Summary Judgment**

a. **Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). "[W]hen the moving party has

3

carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 380 (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (footnote omitted)).

### b. Ms. Smith's Claims Are Barred by the Statute of Limitations

The statute of limitations in Maryland for fraud and breach of fiduciary duty claims is three years. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues . . ."); *see also Ladzinski v. MEBA Pension Tr.*, 951 F. Supp. 570, 574 (D. Md. 1997) (applying the general three-year statute of limitations to breach of fiduciary duty claims).[3] If "knowledge of a cause of action is kept from a party by the fraud of an adverse party," the statute of limitations begins to run once the plaintiff "discovered, or by the exercise of ordinary diligence should have discovered the fraud." Md. Code Ann., Cts. & Jud. Proc. § 5-203. There is also a non-statutory discovery rule that does not depend on the other party's fraudulent concealment. *See Poffenberger v. Risser*, 290 Md. 631 (1981). This rule requires the plaintiff to have actual knowledge of the "circumstances which ought to have put a person of ordinary prudence on inquiry" to cause the statute of limitations to begin to run. *Id.* at 636-37 (internal quotations and citation omitted).

Once the plaintiff invokes the discovery rule, the defendant has "the burden of proving that more than three years before filing suit (1) the plaintiffs knew of facts sufficient to cause a reasonable person to investigate further, and (2) a diligent investigation would have revealed that the plaintiffs were victims of [] the alleged tort." *Lumsden v. Design Tech Builders Inc.*, 358 Md. 435, 446-47 (2000) (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49 (1988)). A plaintiff

---

[3] Ms. Martz notes that, for administrative probate decisions to be set aside on the basis of fraud, there exists a shorter eighteen-month statute of limitations. Md. Code Ann., Est. & Trusts § 5-304. As Ms. Smith specifically petitions only for compensatory damages and not this relief, the general three-year statute applies.

4

bringing a cause of action may not "use the discovery rule to postpone indefinitely the running of the statute of limitations." *Id.* at 451 (internal citation and quotations omitted). The statute of limitations thus begins to run when the plaintiff "should know that [s]he might have a potential claim against another person, not when the plaintiff develops a full-blown theory of recovery." *Id.*

Ms. Smith brought her first suit against Ms. Martz for breaching her duties as personal representative of their mother's estate and for fraud involving the estate's assets on June 4, 2015, less than a month after the estate opened and closed on May 26, 2015. (ECF 1 ¶¶ 7, 10). Ms. Smith's 2015 suit included language evoking both fraud ("Defendant fraudulently obtained title to the assets") and breach of fiduciary duty ("Defendant utilized decedent's funds [in the joint account] . . . for Defendant's sole purpose") for the division of Ms. Keyser's estate. (ECF 9-13, Ex. 12, 2015 Frederick Cnty. Compl. ¶¶ 8, 16). Thus, assuming, most favorably for Ms. Smith, that she only possessed sufficient knowledge of her claims on the date she filed suit, the statute of limitations ran on June 5, 2018.

Ms. Smith contends that the discovery rule permits her to file her present suit, as the alleged acts of deception obfuscated the fraud until after the statute of limitations had run, and because portions of her claims did not come into existence until much more recently. Additionally, Ms. Smith lists in her response a litany of alleged "delay tactics" allegedly employed by Ms. Martz. (*See* ECF 13 at 21-23). These "tactics," however, appear to consist largely of a series of other courts' rulings regarding discovery: in other words, evidence of Ms. Smith's ability to pursue the very claims through earlier litigation that she now attempts to raise. (*Id.*). Nothing proffered by Ms. Smith, however, approaches a meritorious argument for why she did not, until recently, have

an opportunity to discover that she 'might have a potential claim" against Ms. Martz. *Lumsden*, 358 Md. at 451.[4,5]

As the statute of limitations bars both Ms. Smith's claims, the court does not reach Ms. Martz's arguments regarding res judicata, collateral estoppel, and the rule of completeness.

## II. Motion to File a Surreply

### a. Standard of Review

"Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Local Rule 105.2(a) (D. Md. 2021). A court may permit a surreply "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D. Md. 2003).

### b. No New Issue of Fact or Law Merits a Surreply

In moving to file a surreply to Ms. Martz's motion to dismiss, Ms. Smith contends that Ms. Martz's reply consisted of "character assassination," and that the reply contained exhibits and facts taken out of context or otherwise mischaracterized. (ECF 17 at 1-3). Setting aside the question of whether the reply constituted an attack on Ms. Smith's character, the proposed surreply is

---

[4] In her response, Ms. Smith has merely summarily referenced her complaint in its entirety as the reason the discovery rule should permit her to file this otherwise untimely complaint, and has failed to identify with specificity for the court which claims she could not have brought until now. The brief also makes more specific reference to the 2021 production of documents by Mr. Scott Morrison as the basis for a claim, presumably for fraud. The complaint itself makes vague references to an undated email exhibit from Mr. Morrison regarding the appraisal of Ms. Keyser's glass baskets and a change of address on a PNC bank account obtained through subpoena, but fails to attach the exhibits in question. (ECF 1 ¶¶ 53, 75). Neither of these allegations can be reasonably construed as new, previously undiscovered information, but, at most, are rather better characterized as supplementing Ms. Smith's "theory of recovery." *Lumsden*, 358 Md. at 451. Any new claim Ms. Smith may believe she has based on events occurring in the last three years was not pled, in any case, with sufficient particularity to be cognizable to the court.

[5] The discovery of various "safety deposit boxes" at an unspecified date in 2019 (ECF 1 ¶ 79) and the payment of attorney's fees in 2021 (*id.* ¶ 88) are, similarly, supplementary to the theory of fraud Ms. Smith had already begun to develop in 2015. With the exception of a judicial decision in early 2018, all claims of fraud and breach of duty related to the house reference dates in 2015-2017 (*id.* ¶¶ 91-206), more than three years before the filing of this suit.

irrelevant, because the court does not rely on the disputed "character" evidence in reaching its determination that the statute of limitations bars the present action. Thus, the motion will be denied.

## CONCLUSION

As explained above, the court will grant Ms. Martz's motion for summary judgment, and deny as moot Ms. Smith's motion for leave to file a surreply.

A separate Order follows.

_8/29/22_
Date

_CCB_
Catherine C. Blake
United States District Judge